United States District Court
Southern District of Texas
**ENTERED**
June 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANRAN SUN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-2041 |
| | § | |
| JOSESPH B. EDLOW, in his official | § | |
| capacity as Director of the U.S. | § | |
| Citizenship and Immigration Services, | § | |
| *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss, or in the Alternative Motion for Summary Judgment (Document No. 8). Having considered the motion, submissions, and applicable law, the Court finds that the pending motion should be granted.

## I. BACKGROUND

This matter arises from an immigration dispute. On February 27, 2024, Plaintiff Anran Sun ("Sun"), a Chinese national, filed an I-526E Petition and I-485 Petition with the U.S. Citizenship and Immigration Services ("USCIS").[1] Sun contends that USCIS has engaged in unnecessary delay by failing to adjudicate her immigration petitions in the two-years since she filed them, causing Sun to incur

---

[1] *See Plaintiff's Complaint*, Document No 1 at 1.

1

significant damages. Sun notes for the Court that "[o]ver 27 months have now elapsed since the filing of the I-526E Petition, and no action has been taken on this petition by any Defendant to date."[2] In response, the Government contends that the aforementioned immigration petitions are currently under review, and that Plaintiff can identify no mandatory duty requiring USCIS to adjudicate the applications within a specified time frame.

Based on the foregoing, Sun filed suit on March 13, 2026, against Defendants Joseph B. Edlow in his official capacity as Director of the U.S. Citizenship and Immigration Services, Alissa Emmel in her official capacity as Chief of the Immigrant Investor Program Office, and Carrie Selby in her official capacity as Acting Associate Director of Service Center Operations (collectively "the Government").[3] On May 22, 2026, the Government moved to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 56(a).[4]

---

[2] *Plaintiff's Opposition to Defendant's Motion to Dismiss*, Document No. 9 at 2 (emphasis removed).

[3] *See Plaintiff's Complaint*, Document No. 1 at 1-20.

[4] *See Defendants' Motion to Dismiss, or in the Alternative Motion for Summary Judgment*, Document No. 8 at 1-19.

## II. STANDARD OF REVIEW

### A. FRCP 12(b)(1)

A court may dismiss an action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Once a defendant raises lack of subject matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Where, as here, a defendant supports its argument for lack of jurisdiction with evidence, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williams v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981).

### B. FRCP 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

3

678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## C. FRCP 56(a)

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the

4

elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137

n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III. LAW & ANALYSIS

The Government moves to dismiss and, in the alternative, for summary judgment, primarily contending that it is under no obligation to adjudicate Sun's immigration petition within any particular timeframe. In response, Sun contends that she meets the criteria to be considered for permanent lawful residence status under the USCIS Immigrant Investor Program and that the processing time for USCIS to consider her application is taking longer than the standard processing time. The Court will first consider the factual background of Sun's dispute, before considering the Government's statutory obligations regarding the adjudication of Sun's immigration petitions.

*A. Legal and Factual Background*

As part of the Immigration Act of 1990, Congress established the EB-5 Immigrant Investor Program. *See* 8 U.S.C. § 1153(b)(5). Under the EB-5 program's statutory scheme, lawful permanent residence status may become available to foreign nationals who invest over one million dollars in a new commercial enterprise

6

that directly or indirectly creates at least ten full-time jobs in the United States. *See* 8 U.S.C. § 1153(b)(5)(A). If a foreign national invests in a new commercial enterprise located in certain rural areas and areas of high unemployment, the minimum required investment is reduced to $800,000.00. *See* 8 U.S.C. § 1153(b)(5)(B). To seek EB-5 classification, an immigrant investor must first petition their status as an eligible foreign investor to USCIS using either Form I-526 or Form I-526E. If the petitioner is eligible and currently in the United States, and a visa is available, then USCIS "may" adjust their status and grant them permanent residence. *See* 8 U.S.C. § 1255(a).

Here, on February 27, 2024, Sun filed Form I-526E, an immigrant petition reserved for foreign investors. Sun contends that she invested $800,000.00 in a new commercial enterprise, a company called FBRG Hospitality Developers LP.[5] Sun contends that her company is a project categorized by USCIS as a rural project eligible under the EB-5 Immigrant Investor Program.[6] On March 13, 2026, two years after submitting her I-526E Petition with USCIS, Sun filed suit in this Court alleging unreasonable agency delay under the Administrative Procedures Act ("APA"). Having considered the legal and factual background of this case, the Court will now

---

[5] *Plaintiff's Opposition to Defendant's Motion to Dismiss*, Document No. 9 at 2.

[6] *Id.*

7

consider the petition Sun contends should be reviewed by the Government imminently.

*B. Sun's I-526E Petition*

The Government primarily contends that Sun fails to identify a federal statute or binding regulation that requires USCIS to adjudicate Sun's I-526E application within a specified time frame. The Government also notes for the Court a plethora of caselaw supporting the notion that USCIS is not subject to any rigid temporal requirements to adjudicate an I-526 petition. *See Sidhu v. Emmel*, Civil Action No. 23-2963, 2024 WL 3066052, at *3 (D.D.C. June 20, 2024) ("[i]t does not appear that I-526 petitions have a statutory time frame for adjudication[.]") (citing *Shihuan Cheng v. Baran*, 2017 WL 3326451, at *4 (C.D. Cal. Aug. 3, 2017); *see also Chuttani v. United States Citizenship & Immigration Servs.*, Civil Action No. 3:19-cv-02955-X, 2020 WL 7225995 at *3 (N.D. Tex. Dec. 8, 2020) ("[a]s far as the Court can tell, Congress has not affirmatively provided a time limit by which Citizenship and Immigration Services must adjudicate any given immigration benefit petition"). The Government contends that absent an identification of a clear requirement placed upon USCIS to adjudicate an I-526 application within a specified time frame, Sun's claim for agency delays under § 706(1) of the APA, the Federal Mandamus Act, and 5 U.S.C. § 555(b) fail.

8

In response, Sun does not contest that there exists no statutory requirement to adjudicate her I-526E Petition within a certain timeframe. Rather, Sun contends that the delay in the adjudication of her I-526E Petition is unreasonable as a matter of law. Sun further contends that a material factual dispute exists as to whether Defendants acted arbitrarily by having not yet ruled on her petition. Turning to the delay in this case, the Government notes for the Court that over eighty percent of I-526E applications are adjudicated within 29.5 months, and that Sun's application was pending for 24 months prior to the filing of this lawsuit.[7] In response, Sun argues that: (1) USCIS's standard processing time has increased by 5 month since the filing of this lawsuit;[8] and (2) the Government is in violation of the Reform and Integrity Act of 2022 which states that USCIS should have "the goal of completing adjudications, on average... not later than 120 days." 8 U.S.C. § 1153(b)(5).

The Court has independently reviewed Sun's filings and the applicable law in this case and cannot identify any language in any statute, case, or regulation that places a consequence on the Government for failing to meet the goal of adjudicating an I-526 petition within 120 days. The Court also notes Sun's own concession in her

---

[7] *See Defendants' Motion to Dismiss, or in the Alternative Motion for Summary Judgment*, Document No. 8 at 15.

[8] The Court has considered Sun's argument that USCIS's standard processing time has moderately increased since the inception of this lawsuit, and notes that Sun cites no authority to stand for the proposition that a federal agency violates the APA due to a moderate increase in application processing time.

response to the Government's pending dispositive motion, noting that these "timeframes are framed as goals rather than deadlines."[9]

Having considered the foregoing and the Fifth Circuit's clear guidance that "a court's authority to compel agency action is limited to instances where an agency ignored a specific unequivocal command in a federal statute or binding regulation[,]"[10] the Court finds no such command in any statute, regulation, or binding case upon this Court requiring USCIS to adjudicate Sun's I-526E Petition within any certain timeframe. Thus, the Court declines to compel USCIS to adjudicate Sun's I-526 application and finds that the Government's pending motion to dismiss should be granted.[11]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Document No. 8) is **GRANTED**. The Court further

---

[9] *Plaintiff's Opposition to Defendant's Motion to Dismiss*, Document No. 9 at 11.

[10] *Cheejati v. Blinken*, 106 F.4th 388, 396 (5th Cir. 2024). *See also Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 555 (D.C. Cir. 2015) ("[a]bsent a precise statutory timetable or other factors counseling expeditious action, an agency's control over the timetable of its proceedings is entitled to considerable deference[.]") (citation omitted).

[11] Considering the Court's findings herein, the Court declines to consider the Government's arguments related to Sun's I-485 Petition.

10

**ORDERS** that Plaintiff Anran Sun's claims against Defendants in this matter

are **DISMISSED**.

SIGNED at Houston, Texas, on this 30 day of June, 2026.

DAVID HITTNER
United States District Judge

11